## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### March 9, 1917.

## THE PEOPLE v. CHARLES SCHWARTZ.

### (177 App. Div. 4.)

UNLAWFUL POSSESSION OF DRUG*—EVIDENCE—HEARSAY—TESTIMONY OF POLICE OFFICER ON REBUTTAL AS TO CONVERSATION WITH LANDLADY AS TO DEFENDANT'S PLACE OF RESIDENCE.

Where upon the prosecution of a defendant for unlawfully possessing a drug, it appears that quantities of drugs were found hidden away in various parts of the apartment claimed to have been occupied by him, and there is testimony that the defendant lived at a different address, it is reversible error to allow a police officer, the only witness called by the People, to testify on rebuttal as to a conversation with the landlady of the apartment in defendant's absence, to the effect that it was occupied by a family of the same name as the defendant.

APPEAL by the defendant, Charles Schwartz, from judgments of the Court of Special Sessions of the City of New York, entered in the office of the clerk of said court on the 17th and 24th days of July, 1916, convicting defendant of the misdemeanor of unlawfully possessing a drug and committing him.

*Charles H. McCarty*, for the appellant.

*Felix C. Benvenga* (*John G. Dyer* of counsel), for the respondent.

SHEARN, J.:

The turning point on the trial was whether the defendant was a tenant and occupant of the apartment in which he was arrested. Great stress was properly laid upon this feature of the case, not only because it affected defendant's credibility, but also because quantities of drugs were found hidden away in

---

* See Note, Vol. 28, p. 55.

various parts of the apartment, which indicated that the occupant was not only a drug user but a drug vendor. The evidence that the defendant lived in the apartment consisted of the testimony of the officer who made the arrest, who stated that he had seen the defendant enter the place on four occasions and that defendant gave his residence to the examining clerk as being 247 Avenue A. The defendant and his father testified that defendant lived with his father at a different address. The janitress of 247 Avenue A, who had been there for seven years, testified that the apartment in which the defendant was arrested was occupied by a man named Smith and a woman, and that she had never seen the defendant there previous to the night of the arrest. An occupant of another apartment, adjoining the one in question, and a daily visitor in the apartment claimed to have been occupied by the defendant, testified that she has never seen the defendant there. On rebuttal, the police officer, who was the only witness called by the People, was not only permitted but was compelled by the court to relate a conversation with the landlady of the premises 247 Avenue A had by the officer in defendant's absence, in which conversation the landlady had stated to the police officer that the apartment was occupied by a family of the same name as defendant. The admission of this hearsay evidence was grossly improper. As it bore directly upon the point that was chiefly litigated, it cannot be regarded as not having been prejudicial, for if the court believed that the defendant lived in the apartment the case was a very serious one, owing to the finding there of quantities of other drugs. There is no excuse for such disregard of the most elementary rules governing the conduct of trials, and a conviction based upon hearsay testimony cannot be permitted to stand.

The judgment should be reversed and a new trial ordered.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Judgment reversed and new trial ordered. Order to be settled on notice.